FILED
SCRANTON

SEP 20 2011

Per_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH BREELAND,

    Plaintiff,

v.

DR. DOLL, et. al.,

    Defendants.

Civ. No. 3:11-CV-1415

(Judge Kosik)

## ORDER

AND NOW, this 20th day of September, 2011, IT APPEARING TO THE COURT THAT:

(1) Plaintiff, Joseph Breeland, an inmate at the State Correctional Institute (SCI) Smithfield, filed a *pro se* Complaint on August 1, 2011 naming Dr. Doll, Nurse Mary, and Captain Myers as Defendants. (Doc. 1).

(2) In his Complaint, Plaintiff alleges that the prison medical and correctional staff violated his Eighth Amendment right to be free from cruel and unusual punishment by displaying deliberate indifference to his serious medical needs. (Doc. 1)

(3) Plaintiff's Complaint further alleges that he suffered from a hernia in December of 2010. (Doc. 1).

(4) Plaintiff claims he was issued an abdominal binder from Dr. Doll after his hernia protruded through his abdominal muscles. (Doc. 1)

(5) Plaintiff states that on or about April 29, 2011 or April 30, 2011, this abdominal brace was confiscated by security during a search and that a confiscation report was not issued. Captain Myers is head of Security. (Doc. 1).

(6) Plaintiff also states that on May 14 2011, his hernia protruded again because his brace was confiscated. Medical was allegedly called and Nurse Mary ignored Plaintiff's complaints of pain and refused him proper treatment. (Doc. 1).

(7) This matter was assigned to Magistrate Judge Martin C. Carlson, who screened the *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915A.

(8) Magistrate Judge Carlson issued a Report and Recommendation (R&R) on August 10, 2011, recommending that, as to Dr. Doll, Plaintiff's Complaint should be dismissed without prejudice and that Plaintiff should be given twenty (20) days to correct the defects cited in the R&R. (Doc. 15). The Magistrate Judge also granted Plaintiff's motion to proceed *in forma pauperis* and ordered the Complaint served against Captain Myers and Nurse Mary.

(9) Pursuant to Local Rule 72.3, Petitioner was given fourteen (14) days, after being served with a copy of the Report and Recommendation, to make any objections to the Magistrate Judge's proposed findings, recommendations, or report. Petitioner failed to file objections.

AND IT FURTHER APPEARING THAT:

(10) If no objections are filed to a magistrate judge's report and recommendation, the plaintiff is not statutorily entitled to a de novo review of his claim. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

(11) We have reviewed the Report of the Magistrate Judge, and we agree with the Recommendation.

(12) Section 1915A of Title 28 of the United States Code allows the Court to assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). This exact same language is used in Rule 12(b)(6) of the Federal Rules of Civil Procedure which states that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A well-pleaded complaint must contain more than mere legal labels and conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). A complaint must recite factual allegations sufficient to show that plaintiff has a plausible claim for relief. *Fowler v. UPMC*

*Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). Rule 8(a) of the Federal Rules of Civil Procedure goes on to explain that a "short and plain statement of the claim showing that the pleader is entitled to relief" is also needed. Fed. R. Civ. P. 8(a).

(13) To sustain an Eighth Amendment claim for deliberate indifference to a medical need, the plaintiff must establish that (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official must have a sufficiently culpable state of mind, i.e. a state of mind that is deliberately indifferent to inmate health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *see also Spruill v. Gillis,* 372 F.3d 218 237 (3d Cir. 2004).

(14) Courts are reluctant to second-guess the propriety or adequacy of a particular course of medical treatment. "It is well settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir. 1999).

(15) Here Plaintiff has only asserted that Dr. Doll provided him with the abdominal binder on December 29, 2010 and has not provided any adequate claims of personal involvement with the brace being taken away and treatment being withheld in 2011[1]. Accordingly, the Complaint should be dismissed without prejudice with respect to Dr. Doll and Plaintiff will be given twenty (20) days to correct any defects cited in this Order and the Magistrate Judge's R&R.

(16) The day prior to the Magistrate Judge's R&R being issued, Plaintiff filed a Motion for Separation from SCI-Smithfield and a Motion to Show Courts Plaintiff Did Exhaust His Remedies and is Being Retaliated Against. (Doc. 8, 9). Subsequent to the filing of the Magistrate Judge's R&R, Plaintiff has filed five (5) more motions: a Motion for

---

[1] The Magistrate Judge correctly points out that "Breeland's claims against Dr. Doll, consist of inadequate factual claims of personal involvement in his treatment, coupled with a suggestion of *respondeat superior* liability, assertions which as a matter of law do not suffice to state a constitutional tort claim." (Doc. 15, p. 13).

3

Interstate Compact, a Motion to Amend or Correct Complaint, a Motion of Truth with Case Law, a Motion to Present Last Stage of Remedies, and a Motion for Immediate Transfer to Stop the Campaign of Harassment. (Doc. 17, 18, 19, 20, 26).

(17) We will adopt the R&R and we will remand this case and the outstanding motions back to Magistrate Judge Carlson for further proceedings consistent with this Order.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The August 10, 2011 Report and Recommendation (Doc. 15) of Magistrate Judge Carlson is ADOPTED;

(2) Plaintiff's claims (Doc. 1) with respect to Dr. Doll are DISMISSED WITHOUT PREJUDICE;

(3) Plaintiff is allowed twenty (20) days in which to amend his complaint as to Dr. Doll; and.

(4) The Clerk of Court is directed to REMAND this case with the outstanding motions (Doc. 8, 9, 17, 18, 19, 20, 26) to the Magistrate Judge for further proceedings consistent with this Order.

_____
Edwin M. Kosik
United States District Judge