# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH BREELAND,** | : | Civil No. 3:11-CV-1415 |
| | : | |
| **Plaintiff** | : | |
| | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| | : | |
| **DR. DOLL, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case

The plaintiff, a prisoner housed in the State Correctional Institution (SCI) Smithfield, who is proceeding *pro se*, first commenced this action by filing a complaint on August 1, 2011. (Doc. 1.) Breeland's complaint named three defendants: Dr. Doll, Nurse Mary, and Captain Myers, and alleged that these prison medical and correctional staff violated his Eighth Amendment right to be free from cruel and unusual punishment by displaying deliberate indifference to his serious medical needs.

Breeland's complaint then went on to assert that he suffered from a hernia in December of 2010. (Id.) With respect to Dr. Doll the complaint simply alleged that on December 28, 2010, Breeland's "hernia protruded through [his] abdominal wall." According to the complaint, Breeland was promptly "placed in the infirmary," and was seen by Dr. Doll, who issued an abdominal brace to Breeland on December 29, 2010,

the day after this incident. (Id.) Other than describing this prompt, and appropriate, medical care Breeland's complaint alleged no other facts relating to Dr. Doll.

Breeland's complaint named two other defendants–Captain Myers and Nurse Mary, and leveled more substantial allegations against these defendants, asserting that Captain Myers unjustifiably confiscated Breeland's abdominal brace on April 29, 2011, imperiling Breeland's health, and that Nurse Mary ignored Breeland's complaints of pain, and refused him proper treatment on May 14, 2011, when he suffered from a renewed episode of intestinal strangulation due to this hernia. (Id.)

Because these allegations against Captain Myers and Nurse Mary stated colorable claims, we granted Breeland's motion to proceed *in forma pauperis*, and ordered his complaint served. However, because we found that Breeland's allegations with respect to Dr. Doll, in their current form, failed to state a claim upon which relief can be granted, on August 10, 2011, we recommended that this defendant be dismissed from this lawsuit. (Doc. 15.)

On September 20, 2011, the district court adopted this recommendation, and dismissed Dr. Doll from this case, without prejudice to Breeland amending his complaint, provided that the plaintiff acted within 20 days of any dismissal order. (Doc. 28.) Breeland has neglected to comply with this order in any fashion by filing an amended complaint as to Dr. Doll and the deadline for compliance with the court's order has now passed. On these facts, where Breeland is not in compliance with court

orders and Breeland's inability or unwillingness to litigate the case which he filed against Dr. Doll is frustrating efforts to definitively resolve this matter as to this defendant, we recommend that the case now be dismissed with prejudice as to Dr. Doll.

## II. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: " If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court, and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)(citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as Poulis factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190. Recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the court of appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. See, e.g., Emerson v. Thiel College, supra; Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the Poulis factors weighs heavily in favor of dismissing this action as to Dr. Doll with prejudice. At the outset, a consideration of the first Poulis factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to the Plaintiff, who has failed to abide by court orders and has not met the deadline for filing an amended complaint set by this court on September 20, 2011.

Similarly, the second Poulis factor– the prejudice to the adversary caused by the failure to abide by court orders–also calls for dismissal of this action. The Plaintiff's failure to comply with court orders now delays the resolution of this action as to Dr. Doll. In such instances, dismissal of the case clearly rests in the discretion of the trial judge. Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d

Cir. 2007) (failure to comply with discovery compels dismissal); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

Furthermore, when one considers the third Poulis factor–the history of dilatoriness on the plaintiff's part–it becomes clear that dismissal of this action as to Dr. Doll with prejudice is now appropriate, since the Plaintiff has failed for several months to timely file pleadings, and comply with orders of the Court.

The fourth Poulis factor–whether the conduct of the party or the attorney was intentional–also cuts against the Plaintiff. At this juncture, when the Plaintiff has failed to comply with instructions of the Court directing the Plaintiff to take specific actions in this case, the Court is compelled to conclude that the Plaintiff's actions are not accidental or inadvertent but instead reflect an intentional act on Breeland's part.

While Poulis also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing Poulis agree that in a situation such as this case, where we are confronted by a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative. See, e.g., Briscoe v. Klaus, 538 F.3d 252, 262-63 (3d Cir. 2008); Emerson, 296 F.3d at 191. This case presents such a situation where the Plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this

litigation progresses in an orderly fashion. In any event, by entering our prior orders, and counseling the Plaintiff on his obligations in this case, we have endeavored to use lesser sanctions, but to no avail. The Plaintiff still has not amended his complaint with respect to Dr. Doll, or otherwise fulfill his responsibilities as a litigant. Since lesser sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court.

Finally, under Poulis we are cautioned to consider one other factor, the meritoriousness of the plaintiff's claims. In our view, consideration of this factor cannot save the Plaintiff's case with respect to Dr. Doll from dismissal with prejudice. Indeed, this Court has already concluded that the plaintiff failed to state a valid cause of action as to Dr. Doll, but permitted Plaintiff one last opportunity to amend his pleadings, which he has now forfeited by failing to abide by the deadline given by the Court. Therefore, in this case all of the Poulis factors call for dismissal of this case as to Dr. Doll with prejudice.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's complaint as to defendant Doll be DISMISSED with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 12th day of January, 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
