UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH BREELAND,

    Plaintiff,

v.

DR. DOLL, et. al.,

    Defendants.

Civ. No. 3:11-CV-1415

(Judge Kosik)

FILED
SCRANTON

FEB 0 3 2012

Per_____
DEPUTY CLERK

**ORDER**

AND NOW, this 3rd day of February, 2012, IT APPEARING TO THE COURT THAT:

(1) Plaintiff, Joseph Breeland, an inmate at the State Correctional Institution (SCI) Smithfield, filed a *pro se* Complaint on August 1, 2011 naming Dr. Doll, Nurse Mary, and Captain Myers as Defendants. (Doc. 1).

(2) In his Complaint, Plaintiff alleges that the prison medical and correctional staff violated his Eighth Amendment right to be free from cruel and unusual punishment by displaying deliberate indifference to his serious medical needs. (Doc. 1)

(3) Plaintiff's Complaint further alleges that he suffered from a hernia in December of 2010. (Doc. 1).

(4) Plaintiff claims he was issued an abdominal binder from Dr. Doll after his hernia protruded through his abdominal muscles. (Doc. 1)

(5) Plaintiff states that on or about April 29, 2011 or April 30, 2011, this abdominal brace was confiscated by security during a search and that a confiscation report was not issued. Captain Myers is head of Security. (Doc. 1).

(6) Plaintiff also states that on May 14 2011, his hernia protruded again because his brace was confiscated. Medical was allegedly called and Nurse Mary ignored Plaintiff's complaints of pain and refused him proper treatment. (Doc. 1).

(7) This matter was assigned to Magistrate Judge Martin C. Carlson, who screened the *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915A.

(8) Magistrate Judge Carlson issued a Report and Recommendation on August 10, 2011, recommending that, as to Dr. Doll, Plaintiff's Complaint should be dismissed without prejudice and that Plaintiff should be given twenty (20) days to correct the defects cited in the R&R. (Doc. 15). The Magistrate Judge also granted Plaintiff's motion to proceed *in forma pauperis* and ordered the Complaint served against Captain Myers and Nurse Mary.

(9) The August 10, 2011 Report and Recommendation was adopted by this Court and Plaintiff was given twenty (20) days in which to amend his complaint as to Dr. Doll. (Doc. 28).

(10) Magistrate Judge Carlson granted Plaintiff's motions to amend (Docs. 18 and 19) and Plaintiff was ordered to file an amended complaint on or before October 12, 2011. (Doc. 29). Plaintiff has failed to amend his complaint.

(11) On January 12, 2010, Magistrate Judge Carlson issued a Report and Recommendation recommending that Plaintiff's complaint as to Dr. Doll be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. 39).

(12) Pursuant to Local Rule 72.3, Petitioner was given fourteen (14) days, after being served with a copy of the Report and Recommendation, to make any objections to the Magistrate Judge's proposed findings, recommendations, or report. Petitioner failed to file objections.

AND IT FURTHER APPEARING THAT:

(13) If no objections are filed to a magistrate judge's report and recommendation, the plaintiff is not statutorily entitled to a de novo review of his claim. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

(14) We have reviewed the Report of the Magistrate Judge, and we agree with the

Recommendation.

(15) Rule 41(b) of the Federal Rules of Civil Procedure states that if

> a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except on for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

(16) "[D]ismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863, 866 (3d Cir. 1984) *quoting Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982).

(17) When deciding if dismissal for failure to prosecute is appropriate, the court must balance the following *Poulis* factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling order and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or the defense. *Id.* at 868.

(18) Applying the *Poulis* factors to the case at bar, we find that dismissal under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate. The delays in this case are entirely attributable to the Plaintiff, who has refused to follow court orders and amend his complaint. Plaintiff's failure to amend his complaint has prejudiced Dr. Doll because there can be no resolution to this action if Plaintiff chooses not to amend his complaint. Plaintiff's history of dilatoriness is self-evident by his refusal to amend the complaint at any point from when the order was issued (September 21, 2011), to the due date of the amended complaint (October 12, 2011), to the timing of this order (February 2012). Plaintiff's actions are viewed as willful and intentional when considering the almost five month period in which Plaintiff

3

had to file an amended complaint.

(19) Application of the above factors points to dismissal of the claims against Dr. Doll pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(20) We will adopt the R&R and will dismiss Plaintiff's claims with respect to Dr. Doll with prejudice. We will also remand this case and the outstanding motions back to Magistrate Judge Carlson for further proceedings consistent with this Order.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The January 12, 2012 Report and Recommendation (Doc. 39) of Magistrate Judge Carlson is ADOPTED;

(2) Plaintiff's claims (Doc. 1) with respect to Dr. Doll are DISMISSED WITH PREJUDICE;

(3) The above-captioned action is REMANDED to the Magistrate Judge for further proceedings consistent with this Order.

Edwin M. Kosik
United States District Judge