**FILED
SCRANTON**

APR 2 5 2012

PER _____

DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH BREELAND,                    :

         Plaintiff,               :

                                  :     CIVIL ACTION NO. 3:11-CV-1415

         v.                        :

DR. DOLL, et al.,                    :     (Judge Kosik)

         Defendants.              :

## MEMORANDUM AND ORDER

AND NOW, THIS _25_ ᵗʰ DAY OF APRIL, 2012, IT APPEARING TO THE COURT THAT:

(1) Plaintiff, Joseph Breeland, a prisoner confined at the State Correctional Institution at Camp Hill, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983 on August 1, 2011, raising incidents which occurred while he was an inmate at SCI-Smithfield, and naming Dr. Doll, Nurse Mary, and Captain Myers as defendants;

(2) The action was assigned to Magistrate Judge Martin C. Carlson for Report and Recommendation;

(3) Following an extensive procedural history, defendant, Dr. Doll, was dismissed from the instant action on February 3, 2012 (Doc. 42);

(4) On January 17, 2012, defendant Myers filed a motion to dismiss and brief in support thereof (Docs. 40 and 41). In the brief in support of the motion to dismiss, defendant Myers' counsel points out that he has not entered his appearance on behalf of defendant "Nurse Mary" because she has not been properly identified as a defendant and she has not been served a copy of the complaint or summons (Doc. 41, pg. 2, fn. 1);

(5) On March 21, 2012, the Magistrate Judge issued a Report and Recommendation (Doc. 44) wherein he recommended that the plaintiff's complaint be dismissed;

(6) Specifically, the Magistrate Judge found that plaintiff failed to prosecute his claim citing Fed. R. Civ. P. 41(b) and <u>Poulis v. State Farm Fire and Cas. Co.</u>, 747 F. 2d 863, 868 (3d Cir. 1984); that plaintiff's complaint failed to state a claim upon which relief could be granted in that plaintiff admitted his failure to exhaust his administrative remedies; that plaintiff failed to respond to court orders; and that granting plaintiff further leave to amend would be futile;

(7) Petitioner has failed to file timely objections to the Magistrate Judge's Report and Recommendation;

AND, IT FURTHER APPEARING THAT:

(8)  If no objections are filed to a Magistrate Judge's Report and Recommendation, the plaintiff is not statutorily entitled to a <u>de novo</u> review of his claims.  28 U.S.C.A.§636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it.  <u>Henderson v. Carlson</u>, 812 F.2d 874, 878 (3d Cir. 1987);

(9) We have considered the Magistrate Judge's Report and we concur with his recommendation as to defendant Myers.  As we noted earlier, defendant "Nurse Mary" was not properly identified and was not served with the complaint or summons. Thus, she is also dismissed from this action, because plaintiff has had ample opportunity to properly identify her and because she has not been served a copy of the complaint or summons;

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Martin C. Carlson dated March 21, 2012 (Doc. 44) is **ADOPTED**;

(2) Defendant Myers' motion to dismiss (Doc. 40) is **GRANTED**;

(3) The plaintiff's complaint is **DISMISSED**; and

(4) The Clerk of Court is directed to **CLOSE** this case and to forward a copy of this Memorandum and Order to the Magistrate Judge.

Edwin M. Kosik
United States District Judge